## AUSTIN KINNEY, Administrator &c. *versus* ELI ENSIGN.

Where land was twice mortgaged, and, after condition broken, the mortgager was appointed administrator of the second mortgagee, and returned an inventory in which the debt due from himself was included, it was *held*, that he was nevertheless entitled, in his capacity of administrator, to redeem as against the assignee of the prior mortgage, who had purchased the mortgager's equity of redemption, the taking out of administration not being deemed, in respect to such assignee, a payment of the debt due to the second mortgagee, and an extinguishment of the mortgage.

THIS was a bill in equity, to redeem land under a mortgage. The bill sets forth, that the plaintiff, being seised of certain parcels of land in Sheffield, conveyed the same in mortgage, by deed dated the 2d of September, 1824, (and recorded on the 3d,) to Albert A. Root, since deceased, as security for the payment of a promissory note for the sum of $156·21; that by another deed of mortgage, dated the 24th of August, 1824, (but not recorded until the 16th of September,) the plaintiff conveyed the same parcels to his intestate, Parley Kinney, to secure the payment of a promissory note for the sum of $623·15; that on March 24th, 1830, Parley Kinney entered for condition broken, and remained in possession until his decease on March 15th, 1833; that the plaintiff, as his administrator, continued the possession until the day of the date of the bill; that by force thereof, Parley, in his lifetime, and the plaintiff, as his administrator, became seised of the right in equity to redeem such real estate from the mortgage made by the plaintiff to Albert A. Root; that on February 11th, 1833, Robert F. Barnard and Robert R. Root, the executors of Albert A. Root, sued out a writ against the plaintiff, demanding possession of the premises by virtue of the mortgage to Root, and such proceedings were had, that at the September term 1834, of this Court, the executors recovered a judgment, conditioned, that unless the plaintiff, in his personal capacity and as administrator, should pay to such executors the sums due on the mortgage and the costs of suit, within sixty days from September 18th, 1834, such executors should have seisin and possession of the premises; that on

November 18th, 1834, the executors of Albert A. Root assigned the land mortgaged, and the deed of mortgage, to the defendant; that on the 17th of the same November, before the expiration of sixty days from the rendition of such judgment, the plaintiff deposited in the office of the clerk of this Court the amount of the judgment, with interest, for the benefit of the defendant or such executors, in full satisfaction thereof; that the executors and the defendant refused to accept the same, and on the 19th of the same month, sued out a writ of possession on the same judgment, which was executed, and possession of the premises delivered to the defendant by virtue thereof; that the plaintiff, as administrator, on April 23d, 1835, in order to redeem the premises from the defendant, tendered to him the sum of $315 in full satisfaction of the mortgage, costs, &c. and requested the defendant to deliver up the possession of the land and execute a deed of release thereof to him as administrator; but that the defendant refused so to do, and wholly denied the right of redemption to the plaintiff.

The answer set forth, that at the time of the execution of the mortgage deeds and for five years or more afterwards, the plaintiff was in the open and exclusive occupation of the premises; that Albert A. Root, as the defendant believes, never had, in his lifetime, any knowledge of the mortgage to Parley Kinney; that Parley Kinney never gave to the defendant, or to the executors of Albert A. Root, notice of any entry by him for the purpose of foreclosing; that the plaintiff took out letters of administration on Parley Kinney's estate on July 2d, 1833, and, having given bond to the judge of probate, with two sureties, for the faithful discharge of such trust, on the 12th day of November following presented to the appraisers of the intestate's estate the note secured by the mortgage to the intestate, amounting at that time to the sum of $1040·69, as a debt due to such estate; that this note was so appraised and included by them in the inventory of the estate; that the plaintiff caused such inventory to be returned into the probate office, and made oath before the judge of probate, that it was a true and perfect inventory of his intestate's estate so far as the same had come to his knowledge; that by force thereof such

Kinney
*v.*
Ensign.

debt became assets in his hands, as administrator, and the mortgage deed became void and of no further effect; and that the defendant refused to receive the sum of $315 tendered to him on April 23d, 1835, because he had purchased the plaintiff's right in equity to redeem the lands included in the two mortgages at two sheriff's sales, made on January 17th, 1829, and August 22d, 1831, respectively, and the same has been duly conveyed to him, but the sums paid by him therefor had never been offered or repaid to him.

It appeared that the mortgage to Root covered a parcel of land not included in the mortgage to the intestate.

*Sept. 21st.*

*Hall* and *Sumner*, for the plaintiff, cited *Bacon* v. *Fairman*, 6 Connect. R. 121; *Flud* v. *Rumcey*, Yelv. 160; *Trowbridge's Reading*, 8 Mass. R. 554.

*C. A. Dewey* and *Barnard*, for the defendant, cited *Hobart* v *Stone*, 10 Pick. 220; *Winship* v. *Bass*, 12 Mass. R. 199; *Ritchie* v. *Williams*, 11 Mass. R. 50; *Stevens* v. *Gaylord*, 11 Mass. R. 266.

*Sept. 24th.*

SHAW C. J. delivered the opinion of the Court. Some difficulty in understanding this case arises from the circumstance, that Austin Kinney stands in the double capacity of original mortgager and administrator of Parley Kinney, one of the mortgagees.

The material facts are thus stated:— In August, 1824, Austin Kinney was seised of the premises, and on the 24th of August, 1824, he mortgaged the same to Parley Kinney, to secure payment of $623·15, which deed was recorded on the 16th of September, 1824. Austin Kinney mortgaged the same premises, with another parcel of land, to Albert A. Root, by deed dated the 2d of September, 1824, recorded on the 3d of September, 1824. This latter deed, though subsequent to that given to Parley Kinney, being taken without notice of the prior deed, and recorded before it, has precedence of it in point of law.

It further appears, that, in 1829, the right of redemption of Austin Kinney was sold by a deputy sheriff, and purchased by Ensign, the respondent. On the 18th of November, 1834, Barnard and Root, executors of the will of Albert A. Root, who had deceased, assigned the mortgage of Kinney to Root

above stated to the defendant, Ensign, said Barnard and Root, as such executors, having first obtained a conditional judgment against Austin Kinney upon this mortgage.

Some facts are stated respecting Parley Kinney's entry for condition broken in March, 1830, and holding to the time of his death, a little short of three years ; but we do not deem them material in this case.

The entry of Parley Kinney might be good as against Austin Kinney, and operate as a foreclosure against him, but it could not affect Root, a prior mortgagee, because both Austin and Parley Kinney held subject to Root's mortgage.   If Parley's entry for condition broken, was good, and the mortgage was thereby foreclosed, then by a principle adopted in this Commonwealth, the mortgaged property vested absolutely in Parley Kinney and his heirs, and the value of the land went in discharge of the debt secured by the mortgage, so that the principal of constructive payment, by taking administration, would not apply.   But we have not thought it necessary to determine whether the mortgage of Parley Kinney was thus foreclosed, and we do not place the decision upon that ground ; and we forbear expressing any opinion on the subject, as it may affect parties not now before the Court, and rights not in controversy in this suit.   The only question now is, whether the plaintiff has a right to redeem.

The Court are opinion, that the plaintiff is entitled to redeem in his representative capacity, acting under an authority cast upon him by law, for the use and benefit of the creditors and heirs of Parley Kinney.

The point mainly relied on for the defendant is, that Austin Kinney, the plaintiff, being himself debtor on the personal security for which this mortgage was given, when he became administrator of the estate of his creditor, he became liable to account for this debt in his administration account ; that the sureties on his administration bond, being responsible for his whole administration account, would be responsible for such debt, and so the debt was to be considered as absolutely paid and extinguished and the mortgage thereby *de facto* discharged.

But in equity this ground cannot be maintained.   It may be remarked, in passing, that if these circumstances must be con-

strued to amount to constructive payment, it would not neces-
sarily follow, that the mortgage would be thereby absolutely dis-
charged. Payment after condition broken does not of itself
revest the mortgaged estate in the mortgager. But the true
and substantial ground is, that the taking of administration by
the debtor, is not in fact or in law, to all purposes, payment of
the debt; as between the administrator himself, and those ben-
eficially interested in the estate, he is held to account for it as
a debt paid, from convenience and necessity, because the ad-
ministrator cannot sue himself, and cannot collect his own debt
in any other mode than by crediting it in his administration ac-
count. On technical grounds, as well as on considerations of
policy, an administrator is not permitted to show, that he could
not collect a debt due from himself. But this is in the nature
of an estoppel; and it is a well settled rule of strict law, that
although a party is bound by an estoppel, as of a fact proved
or admitted, yet it shall not be taken as a substantial fact, from
which other facts can be inferred. *Monumoi* v. *Rogers*, 1
Mass. R. 159. So in pleading, a party is held to admit all
facts not traversed; but it is only for the determination of the
issue in which such pleadings terminate. Such admission can-
not be used elsewhere as a fact from which other facts may be
inferred. Or, the holding the fact of a debtor taking adminis-
tration upon the estate of his creditor, to be a payment, may
be deemed a legal fiction, adopted for purposes of justice and
convenience, as well as from considerations of policy, and cal-
culated generally to promote justice; but such a legal fiction
will never be allowed to go so far as to work wrong and injus-
tice.

In the present case there is no necessity to consider Austin
Kinney's debt to Parley, as paid by his taking administration.
Even though it might be a right on the part of the creditors
and heirs of Parley to require Austin, the administrator, to
credit his debt in his administration account, they were not
bound to do so; it was a right they might waive. In point of
fact it has not been so accounted for. Indeed, it would have
been highly inequitable to do so, when the effect would probably
be to charge the sureties of the administrator with the amount,
and to give the whole benefit to the respondent, who had pur-

chased the equity of redemption at a sheriff's sale, subject to this very mortgage.

If this mortgage debt was not to all purposes paid and discharged, then this administrator, acting in a purely representative capacity, may as well have this right to redeem as any other, there being no occasion to bring any suit against himself. The proceeding affects the mortgaged premises only, which he may as well conduct, as any other representative. I think a case is mentioned in the old books, where a man gave a bond to a religious sole corporation, say to the prior of a convent, and afterwards entered into religion himself, and thereby became *civiliter mortuus*, and administration was taken on his estate. Having become prior of the same convent, he brought an action against the administrator, upon his own estate on his own bond, and recovered. It goes to show how far a representative character will be regarded, and the rights and obligations attaching to it followed, when it can be done without injustice and without disturbing any just rights.

In the present case, the complainant is in a situation to do just what any other administrator would do, as if he were not himself the original mortgager. On redemption he will be put into possession of the estate ; but he will hold in *auter droit* ; his seisin and possession will be according to his title, and that will be, and will appear by the record to be, in his representative capacity. Then there are express statute provisions, that the estate recovered shall be held to the use of the heirs of the intestate mortgagee, and the administrator shall have a license to sell, if necessary, for the payment of debts